IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

CARRIE STEVENS and
RICHARD ADKINS,

       Plaintiffs,

v.             CIVIL ACTION NO. 3:25-00084

JEWELL and RICHARD MAYNARD,

       Defendants.

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Jewell and Richard Maynard's Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. ECF No. 17; ECF No. 19 (amended version).

## I.  BACKGROUND

Plaintiffs Carrie Stevens and Richard Adkins bring a claim under 42 U.S.C. § 1983 alleging that Defendants violated Plaintiffs' due process rights. *Compl*. ¶¶ 31–32. Plaintiffs allege that the Sheriff of Wayne County sold Plaintiffs' property to Defendants without the Sheriff of Wayne County nor Defendants providing proper notice to Plaintiffs. *Compl.* ¶¶ 17–19. Plaintiff filed suit in this Court based on federal question jurisdiction.[1]

The state statutory scheme at issue is within West Virginia Code § 11A–3 which provides for the State's disposition of land after those obligated to pay taxes on such land have become delinquent and failed to enter taxes for a span of five years. W. Va. Code § 11A–3–37 (1994).

---

[1] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Under West Virginia Code § 11A–3–52(a), once a resulting tax sale has occurred, to secure the deed, the purchaser must provide the deputy commissioner with a list of parties to be served with notice and request that the deputy commissioner carry out the requisite notification process.[2]

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. Like the Fourteenth Amendment, this statute does not apply to private conduct that allegedly caused a deprivation of rights. *Lugar v. Edmondson Oil Co., Inc.* 457 U.S. 922, 936 (1982). However, such private conduct may qualify if the conduct is "fairly attributable to the State." *Id.* at 937.[3]

## III.    ANALYSIS

To determine if private conduct is "fairly attributable to the State," considerations include the extent and nature of the public benefits, whether the government was substantially involved in

---

[2] The 2010 version of the statute was controlling at the time of the sale at issue, as the substantial changes made in 2020 and 2022 had not yet taken effect. The procedure to provide notice is addressed in W. Va. Code §§ 11A–3–54, 11A–3–55. The purchaser must exercise diligence in providing a list. W. Va. Code § 11A–4–4.

[3] "The statutory color-of-law prerequisite is synonymous with the more familiar state-action requirement—and the analysis for each is identical. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982) (stating '[I]t is clear that in a § 1983 action brought against a state official, the statutory requirement of action 'under color of state law' and the 'state action' requirement of the Fourteenth Amendment are identical.')." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

the process, and general fairness. *Id*; *See Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 341–343 (4th Cir. 2000) (citations omitted). Simply acting with state approval or using a state-created remedy or procedure, such as the courts, would not qualify as state action. *Tulsa Pro. Collection Servs., Inc. v. Pope*, 485 U.S. 478, 485 (1988); *Wahi v. Charleston Area Med. Ctr.*, *Inc.,* 562 F.3d 599, 616 (4th Cir. 2009) (citation omitted). In a case involving the West Virginia tax sale scheme, the Fourth Circuit indicated in dicta that "[i]n order to accomplish a tax sale . . . private parties must 'make use of state procedures with the overt, significant assistance of state officials, and thus, there is state action." *Plemons v. Gale*, 396 F.3d 569, 572 n.3 (4th Cir. 2005) (citing *Tulsa Pro. Collection Servs., Inc.,* 485 U.S. at 486). Judge Keeley of the Northern District of West Virginia in *Huggins v. Professional Land Resources, LLC*, Civ. Act. No. 1:12CV46, 2013 WL 431770, at *3 (N.D. W. Va. Jan. 25, 2013), deemed the defendant there, a private company, to be fairly described as a state actor, accountable to Section 1983, in the same statutory context of a West Virginia tax sale.

Defendants argue dismissal is warranted because Defendants are not state actors as required by 42 U.S.C. § 1983. *Def.'s Mem. of L.* 4, ECF No. 20. Although Defendants acknowledge some tax lien purchaser's conduct is attributable to the state, Defendants argue the conduct here is too remote because Defendants hired a lawyer and provided no personal aid to the state surrounding the record search. *Id.* at 5. Defendants have not provided case law to suggest that the principles of agency law and the attorney-client relationship operate distinctly in a manner that severs accountability to a private actor engaging in conduct attributable to Section 1983. The Court is not persuaded that the lawyer's involvement impacts the present analysis.

Defendants address factual distinctions between the diligence of the alleged record search here and that in *Huggins*. *Id.* However, at this stage, the Court accepts all factual allegations in the

complaint as true when considering the plausibility of a plaintiff's claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### IV.   CONCLUSION

Defendants' conduct is reasonably identified as under color of state law for purposes of Section 1983. Accordingly, this Court has subject matter jurisdiction based on an asserted federal question. The Court **DENIES** Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction. ECF No. 17; ECF No. 19 (amended version).

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER:      October 21, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE